### 31959. JENNINGS *et al. v.* GIBSON.

GARDNER, J. █ This case is here on an assignment of error on the overruling of a motion for new trial, filed by Mary B. Jennings and others, defendants in the court below. The plaintiff in the court below was T. Y. Gibson Jr. The facts are substantially that the plaintiff sold to Mary B. Jennings and her son, James Jennings, a musical instrument generally known as a juke box. The sale was made on November 13, 1946, for $185.50. In August, 1946, prior to the sale, James Jennings had an agreement whereby the "juke box" was to be placed in the "juke joint" operated by him on a commission basis of 50 percent of the proceeds taken in by the "juke box." James Jennings was approximately 17 years old at the time of the transaction. After the note was executed he paid one installment of $15.45 which was due on December 13, 1946, and part of another installment in January 1947. The installment payments were due each month during a period of 12 months from the date of the note, November 13, 1946. During the period from the time the

"juke box" was placed on a commission basis until the time of the sale of the "juke box" there arose a disagreement concerning the proceeds from the box, the plaintiff contending that James Jennings tripped the mechanism in such a way that it would play without the insertion of a coin. At this point the machine was sold, as above stated, to James Jennings and his mother, Mary B. Jennings, both of whom signed the note. The action was instituted for the difference between the amount of the note, less the payments made by James Jennings after the note for the box was executed. To the suit on the note the defendants entered two defenses, first, the plea of infancy as to James Jennings, and second, a plea of failure of consideration. The jury returned a verdict in favor of the plaintiff. Insofar as the plea of infancy is concerned, after having studied the evidence carefully on this issue, we are convinced that the evidence demanded a finding in favor of the plaintiff and against the defendants. We will not go into all of the evidence, but James Jennings, with reference to this issue testified "they were pretty nice to me. I ran the property. I was the proprietor." He had already testified that his father had died sometime in September, 1946. All the evidence shows that no one other than James Jennings had anything to do with the installation and the operation, and the funds derived from the enterprise. Under the Code, § 20-203, the evidence which we have quoted and other evidence demanded a finding against the defendants on the plea of infancy.

With reference to the plea of failure of consideration, James Jennings testified "I did have the machine from October to November before I purchased it. Mrs. Gibson didn't force me to purchase it. The note I signed was of my own free will." The other evidence shows that he had the "juke box" from August, 1946, to November, 1946. There is other evidence to the effect that no complaint was made whatsoever as to the suitableness of the "juke box" until some months into 1947, except on one occasion when James Jennings reported the box out of order and the wife of the plaintiff fixed it. James Jennings testified "she fixed it." The evidence reveals that this was a minor adjustment. The evidence for the plaintiff shows that the mechanism of the machine, if damaged, was damaged by reason of James Jennings tampering with it or tripping it. Mary B. Jennings did not testify. Under all the record in this case, the evidence overwhelmingly authorized the jury to find, indeed if it did not demand a finding, against the plea of failure of consideration. The general grounds are without merit. We will now consider the assignments of error in the special grounds.

Special ground 1 assigns error because the court, over objections, allowed the plaintiff while on the stand, to read from a purported copy of a letter which he had purportedly written to Mary B. Jennings on April 15, 1947. The effect of this letter was to demand from her payment of the note and to advise her that he had received the message to come out to her residence or that of her son, James Jennings, concerning the "juke box." The letter further stated that the plaintiff was then living in Macon, that he was in town for only a day, and that it would be impossible for him to confer with them, that he had consulted with his attorney and that he had authorized his attorney to see them in his stead. The

purported letter as read, further stated that unless the arrear installments were paid, some action would have to be taken, and that he wrote the letter in the hope that she would settle the matter with the attorney by bringing the past-due payments up to date and continuing the future payments as they became due, but that if she did not do so, suit would be instituted. Under the facts of this case, conceding but not deciding, that the objection was well taken, we see no possible harm that could have resulted from reading the letter.

■ Special ground 2 assigns error because in the colloquy concerning the reading of the letter, the court remarked, "is it a copy of the letter he wrote the defendant?" It is claimed that this query of the court amounted to an expression of an opinion. There is nothing further concerning it. If error at all, it was harmless.

■ Special ground 3 assigns error because the court excluded a question propounded to the plaintiff on cross-examination to the effect "when you sold the juke box to the defendant you did not know whether it would stand up under commercial use or not?" While the court perhaps should have allowed this question to be answered, under all the facts of the record we do not see how it could be reversible error. The defendant had months to determine the serviceability of the box.

■ Special grounds 4 and 5 assign error because the court in charging Code § 20-203, titled "Infants Doing Business by Permission Bound" committed reversible error. That section reads: "If an infant, by permission of his parent or guardian, or by permission of law, practices any profession or trade, or engages in any business as an adult, he shall be bound for all contracts connected with such profession, trade, or business." The complaint here is that the court in the phase set out in the statute "or engages in any business as an adult" used the word "of" an adult instead of "as" an adult. We can not see any reversible error in this slip of the tongue. As we have already observed, the jury were authorized to find that the evidence overwhelmingly sustained the proposition that James Jennings was engaged in the business as an adult.

■ Special ground 6 complains of the following excerpt from the charge of the court: "Mere inadequacy of consideration alone will not void a contract. If the inadequacy be great, it is a strong circumstance to evidence fraud; and in a suit for damages for breach of contract, the inadequacy of consideration will always enter as an element in estimating the damages." It is conceded that this is a correct abstract principle of law, but it is contended that it is inapplicable to the facts of this case. Even so, we fail to discern any harmful error which resulted to the defendants, under the record of this case.

In conclusion, so far as the special grounds are concerned, we might state that from experience and observation, we have never seen or read of a perfect trial. This court is committed to the proposition that it will not reverse the judgment of a lower court for minor and trivial errors when it is clear that substantial justice has been done. *Rosenbusch* v. *Lester Book & Stationery Co.,* 16 *Ga. App.* 539 (85 S. E. 675).

We are asked by the plaintiff to assess attorney's fees under the record in this case. We decline to do so.

None of the grounds shows cause for reversal.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED MAY 6, 1948.

*Harris, Chance & McCracken*, for plaintiffs in error.
*Charles Donald Dimmock*, contra.